UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTARICE HUMPHREY,<br><br>Defendant. | Case No. 20-cr-00484-JSW-1<br><br>**ORDER GIVING NOTICE OF PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. No. 39 |

Defendant Martarice Humphrey ("Humphrey") has filed a motion for an order under 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. The Court issued an order to show cause directing the Government to respond to Humphrey's motion. (Dkt. No. 32.)

On July 11, 2002, the Government filed a motion for partial waiver of the attorney-client privilege requesting an order that Humphrey has waived his attorney-client privilege relating to the matters raised in his Section 2255 motion and compelling his counsel, Robert Beles and Matthew Matejck, to disclose relevant communications and documents related to those communications. (Dkt. No. 39.) The Government served Humphrey with a copy of the motion for partial waiver of the attorney-client privilege. (Dkt. No. 40.)

"In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client] privilege for the purposes of resolving the dispute." *Bittaker v. Woodford,* 331 F.3d 715, 722 (9th Cir. 2003). However, while the waiver rule is "sensible and necessary" in practice, "if the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants...would have to

worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution." *Id.* at 722.

Thus, the Ninth Circuit has held that "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests." *Id.* "At the same time, a narrow waiver rule – one limited to the rationale undergirding it – will best preserve the state's vital interest in safeguarding the attorney-client privilege in criminal cases, thereby ensuring that the state's criminal lawyers continue to represent their clients zealously." *Id.* The court in *Bittaker* also determined that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721.

Accordingly, the Court NOTIFIES Humphrey that he may file a notice that he wishes to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his Section 2255 motion to vacate, set aside, or correct his sentence. If Humphrey chooses to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, **he must file a notice by August 22, 2022**. If Humphrey does not timely file such a notice, his attorney-client privilege will be deemed waived as to the matters raised in his Section 2255 motion.

To allow Humphrey the opportunity to respond to this notice, the deadlines previously set for the Government to respond to the Section 2255 motion and for Defendant's reply are VACATED. If Humphrey does not withdraw his ineffective assistance of counsel claims, the Court will set a renewed briefing schedule on the Section 2255 motion.

The Clerk shall serve a copy of this Order on Humphrey.

**IT IS SO ORDERED.**

Dated: July 22, 2022

_____
JEFFREY S. WHITE
United States District Judge