1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7      UNITED STATES OF AMERICA,                  Case No. 20-cr-00484-JSW-1

              Plaintiff,
8
                                                  **ORDER DENYING MOTION TO**
9          v.                                     **REDUCE SENTENCE**

10     MARTARICE LOVET HUMPHREY,                   Re: Dkt. No. 59

              Defendant.
11

12

13          Now before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C.

14   section 3582(c) and Part A of Amendment 821 to the United States Sentencing Guidelines (the

15   "Guidelines"), which the Sentencing Commission has determined applies retroactively.  Defendant

16   filed his motion *pro se*.  The Federal Public Defender has filed a statement that it does not intend

17   to assume representation but otherwise takes no position on the motion.  (Dkt. No. 60.)  Having

18   reviewed the motion, the Court concludes a response from the Government is not required.  The

19   Court hereby DENIES the motion.

20                                    **BACKGROUND**

21          Defendant pleaded guilty to being a felon in possession of ammunition in violation of 18

22   U.S.C. section 922(g)(1).  The Probation Office assigned Defendant a base criminal history score

23   of nine.  Because Defendant committed his offense while under a criminal justice sentence, two

24   additional points were added.  With a criminal history score of 11, Defendant's criminal history

25   category was V.  The Court adopted the PO's presentence investigation report without change.

26   (Dkt. No. 30.)

27          The Guidelines provided for a sentence of 120 months of custody followed by one to three

28   years of supervised release and a fine between $25,000 and $250,000.  On May 12, 2021, this

1   Court sentenced Defendant to a below-Guidelines sentence of 70 months in custody of the United

2   States Bureau of Prisons and three years of subsequent supervised release, with no fine imposed.

3   (Dkt. No. 29.)

4                                                    **ANALYSIS**

5          Section 3582(c)(2) permits the Court to reduce a sentence "based on a sentencing range

6   that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),

7   upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, . . .

8   after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a

9   reduction is consistent with applicable policy statements issued by the Sentencing Commission."

10         Guidelines section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of

11  imprisonment is not consistent with this policy statement and therefore is not authorized under 18

12  U.S.C. § 3852(c)(2) if-- (B) An amendment listed in subsection (d) does not have the effect of

13  lowering the defendant's applicable guideline range."

14         Section (b)(2)(A) provides that, except for cases involving substantial assistance to the

15  Government, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §

16  3582(c)(2) and this policy statement to a term that is less than the minimum of the amended

17  guideline range determined" by applying the amended guidelines.  U.S.S.G. § 1B1.10(b)(2)(A);

18  *see* U.S.S.G. 1B1.10, Commentary on Application of Subsection (b)(2) (providing examples).

19         Amendment 821 made changes to status points that can affect a defendant's criminal

20  history category and is listed in section 1B1.10(d).  Prior to Amendment 821, two criminal history

21  points were added under Guidelines section 4A1.1 if the defendant committed the offense "while

22  under any criminal justice sentence, including probation, parole, supervised release, imprisonment,

23  work release, or escape status."  U.S.S.G. § 4A1.1(e).  The revised guideline assigns one criminal

24  history point to an offender with seven or more criminal history points under Guidelines section

25  4A1.1(a) through (d) if the instant offense was committed while under a criminal justice sentence.

26  *Id.*  For offenders with six or fewer criminal history points, no points are added if the crime was

27  committed while under a criminal justice sentence.  *Id.*

28          Defendant asserts that he was improperly scored with one point for a misdemeanor traffic

United States District Court
Northern District of California

United States District Court
Northern District of California

1   violation committed in Contra Costa County, and, combined with a one-point reduction from

2   Amendment 821, his new criminal history score would put him in category IV, with a new

3   Guideline range of 100-125 months.  (Mot. at 5.)

4          Assuming, for argument's sake, that Defendant's calculations are correct, the new

5   Guideline range remains higher than Defendant's sentence.  A reduction below 70 months would

6   thus be inconsistent with the policy in U.S.S.G. section 1B1.10(b)(2) and unauthorized under 18

7   U.S.C. section 3852(c)(2).

8          However, Defendant is incorrect that he was improperly assessed one criminal history

9   point for a misdemeanor traffic violation.  Defendant was sentenced to two years of probation for

10  violation of California Vehicle Code section 23,103.5 for driving recklessly and while intoxicated.

11  Careless or reckless driving offenses receive one criminal history point if they are accompanied by

12  a sentence of a term of probation for more than one year or imprisonment of at least thirty days.

13  U.S.S.G. § 4A1.2(c).

14         Accordingly, subtracting one criminal history point post-Amendment 821 puts Defendant

15  at 10 criminal history points, which is in Category V—the same category in which Defendant was

16  originally sentenced.  Because Amendment 821 does not lower Defendant's applicable Guidelines

17  range, he is not eligible for a sentence reduction.

18                                          **CONCLUSION**

19         For the foregoing reasons, Defendant's motion for a sentence reduction is DENIED.

20         IT IS SO ORDERED.

21  Dated: April 15, 2024

22  _____

23  JEFFREY S. WHITE
    United States District Judge

24

25

26

27

28